**Lee F. RATTERMAN and Claribel Ratterman, Plaintiffs,**

v.

**The UNITED STATES of America, Defendant.**

**Civ. No. 3234.**

United States District Court
S. D. Ohio, W. D.
Dec. 18, 1957.

Stuart E. Fletcher, Fred Ratterman, Cincinnati, Ohio, for plaintiffs.

Thomas Stueve, Asst. U. S. Atty., Cincinnati, Ohio, William A. Miner, Atty., Paul K. Kirkpatrick, Jr., Atty., Dept. of Justice, Washington, D. C., for defendant.

DRUFFEL, District Judge.

This cause coming on regularly for hearing upon the pleadings, stipulations, briefs of counsel and oral arguments, and the Court, after fully considering the same and being fully advised in the premises, finds the facts to be as follows:

1. The plaintiffs as husband and wife, filed their joint federal income tax return on Form 1040 for the calendar year 1949, showing a tax due thereon of $2,858.56.

2. The plaintiffs filed a joint amended federal income tax return on Form 1040 on March 3, 1950, which return reported a tax due thereon of $3,473.46.

3. Big Springs Lumber Company of Alabama was incorporated on April 11, 1924, and liquidated and ceased to do business on or about November 30, 1930. D. H. Willey and plaintiff, Lee F. Ratterman, were president and secretary, respectively, of that company. The capital stock ledger account of the Big Springs Lumber Company showed the outstanding stock, from the date of incorporation to dissolution to have been held as follows: D. H. Willey (715 shares at 100) $71,500; D. H. Wilkinson (75 shares at 100) $7,500; E. E. Wilkinson (1 share at 100) $100; L. F. Ratterman (5 shares at 100) $500.

4. At some time prior to the liquidation of the Big Springs Lumber Company, Willey transferred to Ratterman without consideration 145 shares of his holdings in Big Springs Lumber Company, which transfer was not shown on the capital stock ledger account of the Big Springs Lumber Company. These shares were fully paid for by Willey. Ratterman kept the books and prepared all the income tax returns of the Big Springs Lumber Company during its entire existence.

5. At the date of its dissolution, the records of the Big Springs Lumber Company disclosed a liability on notes payable to Willey in the amount of $57,500, less $12,163.26 charged to Willey on the books of the company, or a net indebtedness to Willey of $45,336.74.

6. On November 7, 1930, the Big Springs Lumber Company deeded by a general warranty deed (Ex. A) all of its assets to Willey, as an individual. These assets consisted of approximately 3,500 acres of land in Clarke County, Alabama, also all the timber, timber contracts, right of way, and all rights, privileges and easements owned by the Big Springs Lumber Company incident to any such timber or to any of the fee simple lands described in the deed, and also the sawmill plant and equipment, all steel rails, "and all other property, whether real or personal, of every kind and character, belonging to said Big Springs Lumber Company." Among other things, the deed recited that:

This conveyance is made pursuant to a resolution duly and regularly adopted by the Board of Directors of said Big Springs Lumber Company, with the consent of the holders of more than 75 percent of the capital stock of the company, as authorized by Article VII of the by-laws of said corporation, which Article VII is as follows, to-wit:

"The assets of this company may be disposed of as an entirety by the Board of Directors, only on consent of the holders of not less than 75 percent of the capital stock of the company."

The deed was signed by Willey as president and attested to by Ratterman as secretary. The deed was filed for record on December 3, 1930, and was recorded in Deed Book 236, pp. 322 and 323 in the office of the Judge of the Probate Court at Grove Hill, Clarke County, Alabama.

7. Some time during December, 1930, after the deed was recorded, Willey and the D. H. Willey Lumber Company entered into an agreement as follows:

Whereas, the Big Springs Lumber Company, of Clarke County, Alabama, is to be liquidated, and is indebted to D. H. Willey of Cincinnati, Ohio, in the sum of $57,500, on promissory notes for money advanced; and

Whereas, D. H. Willey owns $57,000 and L. F. Ratterman $15,000, par value, of the capital stock of said corporation, being fully paid for, and said corporation owns assets on its books for $16,425.27, which are being transferred to D. H. Willey for said notes, less $12,163.26 already charged to him on the books of the company;

Now therefore, in consideration of D. H. Willey holding the timber now growing, and which will grow, during the period of the next 15 years, for the future use of the D. H. Willey Lumber Company of Cincinnati, Ohio, the D. H. Willey Lumber Company agrees to pay the par value of the stock of the Big Springs Lumber Company held by D. H. Willey and L. F. Ratterman, and to pay D. H. Willey to the further extent of $28,911.-47, if he does not realize more than $16,-425.27, upon the assets transferred to him by the Big Springs Lumber Company, and if so then to the extent of $28,-911.47 reduced by the amount realized in excess of said $16,425.27.

The D. H. Willey Lumber Company is to have the advantage of the timber, in consideration for which it agrees to pay the foregoing amounts, in such future years when it may operate at a profit, by paying such amounts as it is possible to

pay, as a rental for said property and timber, to be deducted from its sales, or included in its costs, to be paid to D. H. Willey and L. F. Ratterman, to reduce the amounts due to them from the Big Springs Lumber Company, as aforesaid.

With the growth and development of the timber when in the future the said timber may be cut and manufactured into lumber, D. H. Willey agrees that all lumber purchased by the D. H. Willey Lumber Company shall be on the basis of stumpage cost of $4, less per thousand feet board measure than whatever the current stumpage price may be at the time.

It is agreed that there is no fixed rental to be paid and if the D. H. Willey Lumber Company does not pay said amounts it shall forfeit any and all rights because of partial payments, and no rights are to attach to the said timber, and property upon which it stands, after December 31, 1945.

December ———1930.

> The D. H. Willey Lumber Company
> /s/ L. F. Ratterman, V. P.
> /s/ D. H. Willey

8. Ratterman received distributions of cash and Treasury stock from the D. H. Willey Lumber Company as follows:

| Year | Ratterman |
|---|---|
| 1937 | $1,100.00 |
| 1938 | 8,086.70 |
| 1939 | 1,178.76 |
| 1940 | 1,230.76 |
| 1941 | 615.38 |
| 1942 | 615.37 |
| 1943 | 615.37 |
| Total | $13,442.34 |

9. In L. F. Ratterman et al. v. Commissioner (July 6, 1948) Memo.Op.Dockets 11319, 11913 and 12080, the Tax Court held that these payments constituted dividends paid to Ratterman as a stockholder in the D. H. Willey Lumber Company and were taxable to him as income. This decision of the Tax Court was affirmed on October 20, 1949 in Ratterman v. Commissioner, 6 Cir., 1949, 177 F.2d 204.

10. The sole issue to be determined in this case is the year in which plaintiffs sustained a loss as a result of their investment in the Big Springs Lumber Company of Alabama.

11. The same issue which is to be determined by the instant case was also before the Tax Court of the United States in L. F. Ratterman v. Commissioner (July 6, 1948) Memo.Op.Dockets 11319, 11913 and 12080, wherein Lee F. Ratterman and Claribel Ratterman were plaintiffs and the Commissioner of Internal Revenue was defendant.

12. In that case the Tax Court found that the plaintiffs sustained a loss "in 1930 when that company (Big Springs Lumber Company) was liquidated and all of its assets were transferred to Willey * * * ". The decision of the Tax Court was appealed to and sustained by the Sixth Circuit Court of Appeals of the United States in Ratterman v. Commissioner, 177 F.2d 204.

### Conclusions of Law

The taxpayers, Lee F. Ratterman and Claribel Ratterman, sustained a loss of their investment in the Big Springs Lumber Company of Alabama in 1930, when that company was liquidated and all of its assets were transferred to Willey.

By reason of the decision of the Tax Court in the case of L. F. Ratterman v. Commissioner (July 6, 1948) Memo.Op. Dockets 11319, 11913 and 12080, and of the Sixth Circuit Court of Appeals in Ratterman v. Commissioner, 1949, 177 F.2d 204, the plaintiffs are collaterally estopped from recovering in this action. To all of which plaintiff excepts.